UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| DWAYNE ROBISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2642-AGF |
| | ) | |
| JEFF NORMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Dwayne Robison, an inmate currently housed at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without prepayment of the filing fee. Having reviewed plaintiff's financial information, the Court will assess an initial partial filing fee of $4.00. In addition, for the reasons discussed below, the Court will dismiss the complaint without prejudice.

**Filing Fee Pursuant to the Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing

fee is fully paid. *Id.*

Plaintiff has submitted a declaration and a certified copy of his prison account statement for the five-month period preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $20.00, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.00, which is twenty percent of his average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where the well-pleaded facts do not permit the inference of more than the "mere possibility of misconduct," the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see also Twombly*, 550 U.S. at 557 (if the well-pleaded facts are merely consistent with wrongdoing, the complaint stops short of the line between possibility and plausibility). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Iqbal*, 556 U.S.

at 679.

**The Complaint**

Plaintiff is currently an inmate at ERDCC, but his allegations concern his mail not being forwarded from Farmington Correctional Center ("FCC"). This case is one of eleven civil actions plaintiff has filed in this Court pro se and in forma pauperis since May 2, 2019.[1] He brings this action pursuant to 42 U.S.C. § 1983 against Jeff Norman (Deputy Division Director, Missouri Department of Corrections ("MoDOC")), Sara Rogers (Mail Room Supervisor, FCC), Terri Lawson (Warden, FCC), and Anne Precythe (Director, MoDOC).

Plaintiff's complaint is difficult to follow, but his allegations concern his not receiving mail at ERDCC. He alleges that he was transferred from FCC to ERDCC on May 21, 2019, but that he did not receive any mail from May 1 to May 17, 2019. He alleges that defendant Terri Lawson "allow[ed] the mail room to resend [it] back." "I sent out 6-8 letter request[ing] catalogs on or around the end of the 4-29-19 up to 5-17-19 I am [illegible] to receive catalog oldies.com on regular and oriental trading[.]"

Plaintiff alleges that Sara Rogers, the supervisor of the mailroom at FCC, has not transferred any of his subscriptions to ERDCC. "Mrs. Roger[s] refuse to transfer my mail she is return my mail is take appox. 2-4 week for Yaheweh Religious material to come in I sent on 4-30-19." He states that he is to receive "oldies.com" every two to four weeks, but only four catalogs have arrived at ERDCC.

"FCC is denied the fact that they keep return my mail. You have exact[ly] 30 day to receive [forwarded] mail from another camp once you transfer then is up to the offender to change address

---

[1] The factual allegations in this case are very similar to those alleged in *Robison v. Lawson*, No. 4:19-CV-2013-JCH (E.D. Mo. Jul. 11, 2019), which was dismissed on initial review pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim. *See id.* at ECF No. 9.

per policy. Mrs. Rogers is know[n] to hold mail and return mail the FCC staff has told me." "I recent[ly] transfer and I am still not receiv[ing] my mail I sent a 9-10 letter within 30 day prior to me being transfer and the mail room is denied the fact that they are holding my mail." Plaintiff states that he never received information on "Social Security federal court attorney name" that he requested. Nor has he received a response to a letter he wrote to a friend.

Plaintiff attaches to his complaint a list of "mail not received." The list includes ten items of mail he did not receive in May 2019, likely because of his transfer on May 21, 2019. For June, plaintiff lists two catalogs he did not receive; for July and August, he does not list any specific items that he did not receive. *See* ECF No. 1-3. For relief, plaintiff seeks $1,220.00 in damages.

## Discussion

Plaintiff's claims arise under the First Amendment, which guarantees inmates the right to send and receive mail. *Turner v. Safley*, 482 U.S. 78, 89 (1987), *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998). As noted above, to state a facially plausible claim, a plaintiff must plead facts permitting the reasonable inference that the defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, and to raise the right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. Here, having taken plaintiff's factual allegations as true, the Court concludes that plaintiff's allegations establish only that it is conceivable that prison staff at FCC did not always transfer all of his mail to ERDCC. Plaintiff's claims are based upon his assumption that every person and company he writes to will send him responsive mail in a timely manner. He assumes further that, if he updates his address, his mail will be rerouted to his new address without delay. If neither of these assumptions play out, plaintiff assumes prison officials engaged in misconduct. These allegations are merely speculative, and, while they might state a possible claim to relief, they do not state a plausible claim to relief.

Even if plaintiff's factual allegations permitted the inference that prison officials were liable for not always transferring or delivering all of his mail, plaintiff's allegations establish only sporadic disruptions that are not the result of content-based prison regulations or practices. These allegations are insufficient to support a First Amendment claim. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment."); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (allegations of sporadic and short-term disruptions in mail that are not the result of a content-based prison regulation or practice do not state a First Amendment claim); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (to state a claim under the First Amendment, a plaintiff must show a regular and unjustifiable interference with mail). Plaintiff's allegations do not show a regular and unjustified interference with his mail; rather, based on his ledger of missing mail, plaintiff's allegations show a disruption of his mail service upon his transfer of prisons. Plaintiff likely should have expected a short-term disruption in mail service when he transferred from FCC to ERDCC in May 2019. Because plaintiff has not shown a regular and unjustifiable interference with his mail service, his complaint will be dismissed for this additional reason.

After carefully reviewing and liberally construing the complaint, the Court concludes that it must be dismissed because it fails to state a claim upon which relief may be granted. The problems with plaintiff's complaint would not be cured by permitting him to file an amended pleading. Plaintiff's complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this memorandum and order, plaintiff must pay an initial filing fee of $4. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will accompany this memorandum and order.

Dated this 9th day of December, 2019.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE